HARRIET WATSON *v.* THE TOWN COUNCIL OF SOUTH KINGS-
TOWN.

It is no objection to the vote of a town council ordering a new highway to be laid out
that it prescribes the precise course which, in the judgment of the council, the high-
way should pursue, as well as its *termini,* provided the order requires the committee
appointed to survey, bound, and mark out the highway, to lay out the same "in such
manner as may be most advantageous to the public, and as little as may be to the in-
jury of the owners of the land through which it passes."

There is no positive rule of law forbidding a town council from laying out a highway
connecting another highway with the bank of a private stream, capable only of being
used with small boats without loads; the fact that such a stream is one of the *termini*
of the highway going merely to the question of its public necessity.

The fact that a town council does not act upon a petition to lay out a highway until the
petitioners have given a bond to the town, to indemnify it against all expenses, has no
legally ascertained weight as evidence to show that the highway is not of public neces-
sity; and the court, therefore, is under no obligation to instruct the jury, that the giving
of such bond, whether accompanied or not with evidence that it influenced the action
of the council, is *strong* evidence that the highway asked for is unnecessary.

Upon an appeal from the doings of a town council laying out a highway, it is of no impor-
tance how far that body was influenced upon the question of the public necessity of the
highway by the giving of a bond of indemnity against all expenses; the appeal suppos-
ing that the council decided the question of public necessity wrongly, and submitting it,
unaffected by the previous decision, afresh, upon all the evidence, to the jury.

A town council has no right to lay out a public landing-place; but the court, upon an
appeal from the council, though at liberty to do so, is not bound to instruct the jury
upon the weight of evidence, which has no legally ascertained weight, tending to
show, that the council did, in fact, lay out a landing-place under pretence of laying
out a highway; the question of the public necessity of the highway, as such, being
fairly put, upon all the evidence, to the jury.

APPEAL from the laying out of a highway thirty-one rods long,
from a point in a new road leading from the village of Wake-
field to the South Pond, so called, to the bank of the Sancatuck
River ; the highway laid out being two rods wide in its general
course, and flaring, at its terminus upon the river bank, to the
width of about fifteen rods.

The appeal was tried, at the November term of the court of
common pleas for the county of Washington, 1858, before Mr.
Justice Shearman, sitting with a jury ; when, a verdict having
been returned affirming the doings of the town council of South
Kingstown in laying out the highway, exceptions to the rulings
of the court were allowed ; and were at this term brought to

this court for adjudication. The substance of the exceptions sufficiently appears in the points of the appellant's argument, and in the opinion of the court.

*E. H. Hazard*, with whom was *E. R. Potter*, in support of the exceptions, submitted :—

1st. That the laying out was void, because it prescribed the precise course and width, as well as the *termini* of the highway, and left nothing, as it should have left to conform to the statute, to the discretion of the committee appointed to mark and bound out the road. Angell on Highways, sects. 122, 123, and cases cited.

2d. That the town council had no power to lay out a highway terminating on a river, in which the tide did not ebb and flow, even though the river was boatable with boats which were not loaded. Angell on Tide Waters, 90; Angell on Highways, 38, 39.

3d. That the court below should have charged the jury, that the fact that certain citizens gave to the town an agreement or bond to indemnify it against the expenses of laying out the road, was *strong* evidence that the highway was unnecessary.

4th. That the town council had no right to lay out a landing place under pretence of laying out a highway; and that the court should have charged the jury, that inasmuch as the petition was for a landing-place, this was strong, if not *conclusive*, evidence, although the petition was rejected, that the highway laid out, especially considering how it flared out in the bank of the river, was in fact laid out merely for a landing-place. *Jones* v. *Percival*, 5 Pick. 492.

*W. Updike*, with whom was *Dixon*, were stopped by the court.

Ames, C. J. We see no objection to a town council's ordering, under its general power, the precise course, which, in its judgment, a new highway shall pursue, provided, as in this case, the order, nevertheless, requires the committee appointed to survey, bound, and mark out the same, to lay out the highway "in such manner as may be most advantageous to the public, and as little as may be to the injury of the owners of the land

through which it passes." Rev. Stats. ch. 43, §§ 2, 3, and 4. If, by a slavish conformity to the directions of the council, the committee should lay out the highway in a manner which did not best reconcile the public advantage with the least injury to 'the owners of the land taken, this would be a good objection to their report, before the council, or to the lay out, upon an appeal. All that the court below decided upon this point, was, that the proceedings were in proper form, and about this there does not seem room for question.

The next exception is, to the refusal of the court to instruct the jury that the town council had no power to lay out a highway terminating upon a river in which the tide did not flow and reflow, though capable of being used by small boats without loads, even if the highway were shown to be necessary. We know of no such restriction upon the power of a town council as that which this exception supposes; although it would seem difficult to make out the public necessity of a highway which terminated upon the bank of a private stream. From the form of the exception, it appears, that it was a question, upon the evidence before the jury, whether the stream was public or private at the point at which the new highway terminated; and it does not appear that the jury did not determine that the stream was public at that point in conformity to the weight of the evidence. The ruling was abstractly correct; and as the verdict is not impeached upon the ground of being against the weight of the evidence upon this point, we should not be justified in disturbing it, though we were of opinion that the language of the court, as allowed in the exception, was, considering the question, too unqualified.

The *third* exception cannot be sustained. The fact that a town council does not act upon a petition to lay out a highway until the petitioners have given a bond to the town to indemnify it against expenses, has no legally ascertained weight, as evidence, to show that the highway was not of public necessity; and the court, therefore, was under no obligation to instruct the jury, as the exception supposes that it was, that the agreement of indemnity, whether accompanied or not with evidence that it influenced the action of the council, was *strong* evidence that

the highway ·asked for was unnecessary. Besides, of what importance was it, upon an appeal from the doings of the town council, how far that body was swayed, upon the question of public necessity, by a bond of indemnity against expenses? The appeal to a jury upon this question supposed, that in the judgment of the appellant, the council decided it wrongly; and if so, it was of no consequence what swayed them to the wrong decision, when the same question was to be put afresh, and unaffected by their decision, to the jury.

The last exception admits that the court charged the jury that the town council had no right to lay out a public landing-place, according to the prayer of the petition before them; and, in fact, it appears, by the record before us, that this prayer of the petition was formally rejected by the council. ·It also admits, that the court charged the jury, that they should confirm the decree of the council laying out the highway, only, if in the opinion of the jury, considering all the evidence, the highway, as we understand it, *as such*, was necessary. The complaint that the court did not instruct the jury, as requested, " that the council had no right to lay out a public landing-place under the pretence of laying out a highway, and that ·the facts that the highway asked for led to a stream of water, and to that only, and to a place in the stream where there was no landing-place, it being bogs and swamps, and also, that the petitioners asked for it as a landing-place, were strong, if not conclusive, evidence, that it was so intended,"· amounts, considering what was charged, to nothing more than this, that the court did not instruct the jury upon the weight of evidence which had no legally ascertained weight. Certainly, the court was not bound to advise the jury as to this, though at liberty to do so; and a refusal to give such advice is no ground to set aside a verdict, which the party does not choose to impeach, as against the weight of the evidence.

In fine, whether this highway was of public *necessity*, in the sense of high expediency, or not, was a question, first, for the Town Council of South Kingstown, and upon appeal, for the jury, summoned to try it. We are not called upon by this ap-

plication, and have no right or means to retry it; and whatever may be our suspicion from the general aspect of the case, finding no error in law in the instructions to the jury excepted to, we have no choice but to overrule the exceptions, and to order judgment to be entered, in the court below, upon the verdict.