This is a bill of exceptions to the ruling of the Court of Common Pleas in an appeal from proceedings in laying out a highway under Gen. Stat. R.I. cap. 59, as amended by Pub. Laws R.I. cap. 808, of April 14, 1880. That part of the statute which it appears necessary to quote is as follows:
SECT. 1. The town councils of the several towns may order highways to be laid out so far, and through such part of their respective towns, as they may judge necessary.
SECT. 2. For the due marking out of any highway, the town council shall appoint three suitable and indifferent men, not interested or concerned in the land through which such highway is to pass, who shall be sworn to the faithful discharge of their trust.
SECT. 3. Said three men, after being sworn to the faithful discharge of their trust, shall go to the place where such highway *Page 706 
is ordered to begin, and from thence proceed to survey, bound, and mark out a highway conformable to the direction of the town council; and they shall take care to lay it in such a manner as may be most advantageous to the public, and as little as may be to the injury of the owners of land through which it passes.
SECT. 5. They shall, after having laid out said highway as aforesaid, cause a plat thereof to be made, which, together with a report of their doings, in writing, by them signed, shall be by them presented to the town council.
SECT. 6. The town council thereupon shall cause notice to be given to all persons interested in the land through which such highway is laid, to appear before them, if they see fit, and be heard for and against receiving the report; . . .
SECT. 7. The town council shall, after hearing the persons appearing to be heard, proceed to receive, or reject, he report, as to them shall appear just and right. . . .
SECT. 8. The town councils may lay out driftways in their respective towns, in such places, and of such widths, as they shall think necessary, as fully as by law they are empowered to lay out highways.
SECT. 9. Driftways shall be laid out in the same manner and under the same regulations, in every respect, as highways; the damage shall be ascertained in the same manner as in laying out highways.
SECT. 21. In declaring lands, which have been quietly, peaceably, and actually used and improved, and considered as public highways and streets for the space of twenty years, to be public highways as aforesaid, the town council of the town in which such lands lie shall determine, mark out, plat, or cause to be marked out and platted, the lands, in width as well as length, by such use and improvement appropriated as public highways, and declared as such; and shall cause said plats to be recorded; but nothing herein contained shall be construed to affect the requirements or provisions of the preceding section.
SECT. 22. If any lands, used and improved for twenty years and upwards as a public highway or street, shall not, in the judgment of the town council, be wide enough for the necessities or convenience of the public, the town council may proceed to *Page 707 
widen the said highway, in whole or in part, pursuing, as to the portion so widened, the steps required by law for laying out new highways.
The sole ground of exception is that the court should have held that the preliminary decree of the town council declaring the highway to be necessary was void, because it did not specify the width to which the highway should be laid, and that in consequence all proceedings thereunder should be quashed.
The decree from which the appeal was taken declared that it "is necessary that a new highway should be laid out from the present easterly terminus of Foundry Street, easterly to High Street, commencing on the easterly line of Railroad Street at or near the present easterly terminus of Foundry Street, and extending easterly, and ending at the westerly line of High Street, at or near the northeast corner of James H. Andrews' land," and gave no further direction to the committee; but the report showed a lay out of a uniform width of forty feet, and the report was confirmed by the council.
The appellants contend that in a proceeding of this character every requirement of the statute, whether in terms or by implication, as to each part of the proceeding shall be strictly followed as and when so required, and that in order that a decree may pass declaring a highway necessary, the council must fix not only the terminal points but also the width of the proposed highway, inasmuch as a highway, if of a certain width, may be clearly useful, and if of a certain other width may be clearly unnecessary, in like manner as a highway between two certain points may be useful, while if laid between two certain other points it may be unnecessary.
To the first part of this claim the appellees answer that the requirement, if there be one, that the town council shall ascertain the width of the highway for the purpose above indicated is sufficiently satisfied by the final decree establishing the report. We cannot agree with this argument. The first decree in this proceeding is the necessary foundation for the jurisdiction of the council in all that follows, and it must strictly comply with all the requirements of law.
It is further argued that it is not competent for the council to *Page 708 
fix the width of the highway, inasmuch as the determination of the whole lay out, except the terminal points, is the peculiar function of the committee under the words of the statute which direct them to "lay it in such a manner as may be most advantageous to the public," c. But it has been already decided that the town council may fix the width and course of the proposed highway. Watson, v. The Town Council of SouthKingstown, 5 R.I. 562. We believe it has been a very general, although by no means uniform, practice under this statute so to proceed. It is easy to conceive cases in which the council could in no other way make the necessity for the highway appear, and cases also in which they could in no other way instruct the committee sufficiently to enable them to serve the desired purpose. In such cases the fact that a precise description in the preliminary decree confines the question of necessity, on an appeal, to the identical highway so described may be an advantage rather than an inconvenience to all interested.
It is further argued that to specify the width in the first decree would be idle, and therefore cannot be required by implication, because even if the width were so specified it would be competent for the committee to alter the same if convenience should appear to require. Cases decided in other States, under proceedings widely differing from those in use here, have been cited in support of this view. The sufficient answer, however, is, that under our statute the committee are to lay out the highway "conformable to the direction of the town council."
On the other hand, we are of opinion that the statute does not require in the preliminary decree any description of the highway further than a definition, as near as reasonably may be, of the two terminal points. The statute, having provided that the highway shall be judged necessary and the committee appointed, directs that the committee "shall go to the place where such highway is ordered to begin" and then perform their duty as further specified. It seems to us almost a necessary inference that the only instruction required to be given them is as to the initial, and, perhaps by implication, the terminal point, and that all other particulars are left to their judgment after examination of the ground and consultation with those especially *Page 709 
concerned. The act was passed, and has been chiefly used to facilitate the construction of roads in country neighborhoods where the travel is moderate and comparatively uniform in amount, and there is little difference in the width of roadway ordinarily required, and where, therefore, the question of necessity mainly depends on the convenience of travel from one point to another, and the width and courses of the road may be made to conform with the wishes and interests of the persons through whose lands it passes without materially affecting the public convenience. For this purpose the statute, as we construe it, seems to us to be well fitted, and we find nothing in the words of the statute to control that construction.
The appellants have cited the provision for laying out driftways, which are to be laid out "in the same manner and under the same regulations in every respect as highways," and which the council may lay out "of such widths as they shall think necessary," as furnishing an analogy for the proceeding in laying out highways. We think, however, that the statute intends, as to the specification of width, that in case of widening such specification is necessary, in case of declaration of twenty years' use, and in laying out drift ways it shall be required, and in laying out highways it shall be permitted.
The exceptions will therefore be dismissed.
Exceptions overruled.